

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00041-CV

## IN THE INTEREST OF K.P., R.P. AND C.P., CHILDREN

**From the County Court at Law
Hill County, Texas
Trial Court No. 52,255**

## MEMORANDUM OPINION

Randy P. appeals from a judgment that terminated his parental rights to his children, K.P., R.P., and C.P. After a bench trial, the trial court terminated Randy's parental rights and found specifically that he had committed the predicate acts set forth in Sections 161.001(b)(1)(D), (E), (N), and (O) of the Texas Family Code and that termination of his parental rights was in the children's best interest. *See* TEX. FAM. CODE ANN. § 161.001 (West 2014). Because the evidence is sufficient to support the trial court's finding that termination was in the children's best interest, we affirm the judgment of the trial court.

In his sole issue, Randy complains that the evidence was legally and factually insufficient for the trial court to have found by clear and convincing evidence that termination of the parent-child relationship was in his children's best interest.

The standards of review for legal and factual sufficiency in termination cases are well established. *In re J.F.C.*, 96 S.W.3d 256, 264-68 (Tex. 2002) (legal sufficiency); *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002) (factual sufficiency). In reviewing the legal sufficiency of the evidence, we view all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction about the truth of the matter to be proved. *In re J.L.*, 163 S.W.3d 79, 85 (Tex. 2005); *J.F.C.*, 96 S.W.3d at 266. We do not, however, disregard undisputed evidence that does not support the finding. *J.F.C.*, 96 S.W.3d at 266. In reviewing the factual sufficiency of the evidence, we must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing. *Id*. We must consider the disputed evidence and determine whether a reasonable factfinder could have resolved that evidence in favor of the finding. *Id*. If the disputed evidence is so significant that a factfinder could not reasonably have formed a firm belief or conviction, the evidence is factually insufficient. *Id*.

In determining the best interest of a child, a number of factors have been considered, including (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now

and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals; (6) the plans for the child by these individuals; (7) the stability of the home; (8) the acts or omissions of the parent that may indicate the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). This list is not exhaustive, but simply indicates factors that have been or could be pertinent. *Id*. Further, the absence of evidence about some of these considerations would not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest. *In the Interest of C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). The *Holley* factors focus on the best interest of the child, not the best interest of the parent. *Dupree v. Tex. Dep't Prot. & Reg. Servs.*, 907 S.W.2d 81, 86 (Tex. App.—Dallas 1995, no writ). The goal of establishing a stable permanent home for a child is a compelling state interest. *Id*. at 87. The need for permanence is a paramount consideration for a child's present and future physical and emotional needs. *In re S.H.A.*, 728 S.W.2d 73, 92 (Tex. App.—Dallas 1987, writ ref'd n.r.e.) (en banc).

Randy argues that the Department presented no evidence of the children's best interest as it relates to the *Holley* factors. We disagree. Testimony was presented that Randy had a criminal history, including probation for a charge related to methamphetamine, an arrest in 2009 for marijuana, and a conviction for two counts of burglary of a habitation. Although he was incarcerated at the time of trial and during the

initial investigation of the case, Randy was not in custody for at least seven months while the Department had custody of his children. Further, there was testimony that Randy was physically abusive to the mother of the children and would hit the mother while holding the youngest child. Also, Randy (1) failed to take advantage of a drug evaluation to address his history of drug addiction; (2) failed to stay in communication with the Department so that he could be subject to drug screens to measure the effect of that addiction; (3) failed to take advantage of a psychological evaluation when he had the opportunity to address any issues; and, (4) failed to take advantage of domestic violence classes, anger management classes or therapy when he had the opportunity.

Randy also never visited his children, never called or wrote to them, and never provided any financial assistance for them. He did not maintain stable housing because he was either in jail or, when not in jail, could not be located. Although the children were not in a home that would adopt them, they were, in the opinion of the Department, adoptable. They were doing well in foster care and were very supportive of each other. Further, a family in West Texas had already expressed interest in adopting the children. Randy did not present evidence of a plan for the children.

Viewing all of the evidence under the appropriate standards, we find that the evidence was both legally and factually sufficient for the trial court to have found by clear and convincing evidence that termination of Randy's parental rights was in the best interest of the children.

Randy's sole issue is overruled, and the trial court's judgment is affirmed.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007). *See also* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b); 51.208; § 51.941(a) (West 2013). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed June 2, 2016
[CV06]

